IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD O. FREEMAN, | § | |
| | § | |
| Defendant Below, | § | No. 69, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2011013643 (K) |
| | § | |
| Appellee. | § | |

Submitted: August 9, 2023
Decided:   September 22, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Ronald O. Freeman, filed this appeal from a Superior Court order denying his motion for sentence modification.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Freeman's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On December 1, 2021, Freeman pleaded guilty to Tier 2 drug dealing (cocaine).  The Superior Court ordered a presentence investigation.  During sentencing on April 13, 2022, there was discussion of the serious medical conditions

Freeman suffered and the medical treatment he would require if incarcerated. Freeman requested a Level IV sentence; the State requested ten years of Level V incarceration. The Superior Court found Freeman's medical conditions to be a mitigating factor, but also found his repetitive criminal conduct (while suffering serious health issues) and lack of amenability to be aggravating factors. The Superior Court sentenced Freeman to fifteen years of Level V incarceration, suspended after seven years for decreasing levels of supervision.

(3) On November 23, 2022, Freeman filed a motion for sentence modification. He sought reduction of the remainder of his Level V sentence to Level IV confinement, alleging that Department of Correction ("DOC") staff had been unprofessional in providing his dialysis treatment and refused to provide him with narcotic medications that he had taken before he was incarcerated. The State opposed the motion, asserting that DOC was providing care for Freeman's medical conditions, but Freeman was refusing many of the treatments recommended and offered by DOC.

(4) On January 24, 2023, the Superior Court denied Freeman's motion. The Superior Court held that the motion was untimely, there were no extraordinary circumstances warranting consideration of the untimely motion, and Freeman's medical conditions were considered at the time of sentencing. This appeal followed.

(5) We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[1] To the extent there is a question of law, we review *de novo*.[2] Rule 35(b) provides that a motion for sentence reduction that is not filed within ninety days of sentencing will be only considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217, which permits sentence modification if DOC files an application for good cause shown (such as serious illness) and certifies that the offender does not constitute a substantial risk to the community or himself. In his opening brief, Freeman argues that his serious health issues constitute extraordinary circumstances.

(6) Freeman has not established extraordinary circumstances to overcome the ninety-day time bar. A chronic medical condition by itself does not constitute an extraordinary circumstance under Rule 35(b).[3] As this Court has previously held, "Section 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon medical illness."[4] Freeman conclusorily states that DOC is "derelict in its duty to initiate the legislative intent of Title 11 Del. C. § 4217 by requesting the release of the infirm from Level 5 incarceration,"[5] but does

---

[1] *State v. Culp,* 152 A.3d 141, 144 (Del. 2016).

[2] *Id.*

[3] *See, e.g., Richmond v. State*, 2016 WL 6092472, at *1 (Del. October 18, 2016) (holding defendant who suffered from sickle cell anemia had not established extraordinary circumstances under Rule 35(b)); *Cook v. State*, 2016 WL 1291752, at *1 (holding defendant who suffered from sarcoidosis had not established extraordinary circumstances under Rule 35(b)).

[4] *Jarvis v. State*, 2022 WL 2276278, at *1 (Del. June 2, 2022).

[5] Opening Brief at 2.

not indicate that he has pursued relief under Section 4217. Under these circumstances, the Superior Court did not err in denying Freeman's untimely motion for sentence reduction.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice